1  COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983

2  Name  ODell            Mark            ~~Evan~~                     **FILED**
         (Last)           (First)         (Initial)

3

4  Prisoner Number _____                              JAN 31 2008

5  Institutional Address  CSP SAN QUENTIN, SAN QUENTI, CA    RICHARD W. WIEKING
                                                             CLERK, U.S. DISTRICT COURT
6  =========================================================  NORTHERN DISTRICT OF CALIFORNIA

7                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF CALIFORNIA                   **CRB**
8
    MARK EVAN ODELL
9   (Enter the full name of plaintiff in this action.)
                     vs                         CV  08     0756
10  COUNTY OF BUTTE
                     vs.                        Case No. _____
11  BUTTE CO SUPERIOR COURT                     (To be provided by the Clerk of Court)
    BUTTE CO. SHERIFF OFFICE
12  DOES 1-20, inclusive                        COMPLAINT UNDER THE
                                                CIVIL RIGHTS ACT,
13  NAPA STATE HOSPITAL                         Title 42 U.S.C § 1983       **(PR)**

14  _____             E-filing

15  (Enter the full name of the defendant(s) in this action)

16  *[All questions on this complaint form must be answered in order for your action to proceed..]*

17  I.    Exhaustion of Administrative Remedies.

18        [**Note:** You must exhaust your administrative remedies before your claim can go

19        forward. The court will dismiss any unexhausted claims.]

20        A.    Place of present confinement  San Quentin State Prison

21        B.    Is there a grievance procedure in this institution?

22              YES ( )    NO (x)

23        C.    Did you present the facts in your complaint for review through the grievance

24              procedure?

25              YES ( )    NO (x)

26        D.    If your answer is YES, list the appeal number and the date and result of the

27              appeal at each level of review. If you did not pursue a certain level of appeal,

28              explain why.

COMPLAINT                          - 1 -

1  |  1. Informal appeal _____
2  |  _____
3  |  _____
4  |  2. First formal level_____
5  |  _____
6  |  _____
7  |  3. Second formal level_____
8  |  _____
9  |  _____
10 |  4. Third formal level _____
11 |  _____
12 |  _____

13 E.  Is the last level to which you appealed the highest level of appeal available to
14     you?
15        YES ( )     NO ( )
16 F.  If you did not present your claim for review through the grievance procedure,
17 explain why. **PLAINTIFF IS NO LONGER IN THE CUSTODY OF**
18     **BUTTE COUNT OFFICIALS, HOWEVER ADMINISTRATIVE**
       ~~APPEALS WERE FILED AND A DECISION WAS ISSUED~~
19     **BY THE CALIFORNIA COURT OF APPEAL ATTACHED**
20 II. Parties.**HERETO**
21 A.  Write your name and your present address. Do the same for additional plaintiffs,
22     if any.
23     **MARK EVAN ODELL PLAINTIFF**
24     _____
25     _____
26 B.  Write the full name of each defendant, his or her official position, and his or her
27     place of employment.
28     ~~SHERIFF BUTTE COUNTY~~
       **OFFICE OF SHEFIFF BUTTE COUNTY**

COMPLAINT                          - 2 -

1  OUNTY OF BUTTE
2  NAPA STATE HOSPITAL
3  DOES 1 thru 20
4  BUTTE COUNTY SUPERIOR COURT

5  III.   Statement of Claim.

6  State here as briefly as possible the facts of your case. Be sure to describe how each
7  defendant is involved and to include dates, when possible. Do not give any legal arguments or
8  cite any cases or statutes. If you have more than one claim, each claim should be set forth in a
9  separate numbered paragraph.

10  SEE ATTACHED IN FULL

23  IV.   Relief.

24  Your complaint cannot go forward unless you request specific relief. State briefly exactly
25  what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

26  PLAINTIFF REQUEST DAMAGES IN THE AMOUNT OF
27  20 million dollars TO BE AWARDED JOINT AND
28  SEVERLY AGAINST THE DEFENDANT IN THEIR
    INDIVIDUAL AND OFFICIAL CAPACITIES

COMPLAINT                    - 3 -

1   _____
2   _____
3   _____
4   _____
5      I declare under penalty of perjury that the foregoing is true and correct.
6
7      Signed this _____ day of _____, 20_____
8
9                                            _____
10                                                  (Plaintiff's signature)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT                                - 4 -

MARK EVAN ODell

CSP, San Quentin
San Quentin, Ca
94964

Plaintiff Pro Se

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

MARK EVAN ODEL

    Plaintiff

COUNTY OF BUTTE et al
    Defendants

Case NO: _____
**CIVIL RIGHTS COMPLAINT**
**42 U.S. C. SEC 1983**
**DEMAND FOR JURY TRIAL**

JURISDICTION

!. This is a civil rights action authorized by 42 U.S.C. Section 1983 , and 28 U.S.C. , Section 1381, to redress the depivation under color of state law , of rights secured by the Constitution of the United States . This Court has jurisdiction under 28 U.S.C. Section 1343 and over all pendent law, Plaintiff seeks monetary damages ,

Plaintiff proceeds under 28 U.S.C. Section 1915

(1)

## II

## PARTIES TO THE ACTION

### PLAINTIFF

1. Plaintiff, Mark Evan ODell was confined in the Butte County Sheriff's facility and again in the Napa State Hospital at all times mentioned in this complaint. He was at all times mentioned herein in the custody of the County of Butte.

### Defendants

2. Defendant County of Butte employees the Sheriff and the Sheriff staff, likewise the County of Butte is responsible for the actions and /or omissions of all employees of the County of Butte.

3. Defendants Napa State Hospital had custody of the Plaintiff through an order of the Butte County Superior Court. Officials of Napa State Hospital were responsible for the actions of all persons employeed at Napa State Hospital. Napa State Hospital Officials knew or should have known that they were violating the constitutional rights.

4. Defendant Butte County Superior Court knew or should have known that it was violating the Constitutional Rights of the Plaintiff when it sign the Orders mentioned in the complaint.

5. Does 1-thru 20 will be named unpon the undertaking of lawful discovery.

(2)

All defendants are sued in both their individual and official capacity .

### III

### STATEMENT OF FACTS

**Plaintiff hereby adopts by referencE THE Factual Background** , in the Certified Opinion of the Third Appellate District filed February 3, 2005.

### IV

### CONTENTIONS

**Plaintiff contends that the Butte County Sheriff Office violated his constitutional** right to freedomm ospeach , plaintif **further contends that he was denied due process by the Butte County Sheriffs Office regarding administrative complaints**

**Plaintiff further contends that the County of Butte has a policy , practice procedure of allowing its employees to vi**olate the constitutional rights of persons such as plaintiff

Plaintiff further contends that the policies , practices and procedures were the motivating factors that caused his consitutional injury .

Plaintiff contends that the Napa State Hospital Officials named in the corespondence sent to the Butee County Superior Court knew or should have known that their action would violate the constitutional rights of the plaintiff , and that they took their actions sounded deliberate indifference to the mental health of the plaintiff.

(3)

Plaintiff further contends that the hospital staff at Napa state Hospital each and every one of them mentioned in the correspondence to the Superior court and those indentified through lawful discovery knew that thetreatment they provided /adminsitered was not without constitutional limits, and they disregared plaintiiff's constitutional by the forced medication.

Plaintiff further contends that he had a constitutionally protected liberty interest in avoiding the unwanted administration of antipsychotic medication under the due process clause of the Fourteenth Amendment and the hospital officials violated that right .

Plaintiff further contends that the Butte County Superior knew or should have known that the Napa State Hospital Officials were seeking to violate Plaintiff's constitutional rights and took no action to abate this violation.

4)



