IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK EVAN ODELL, | ) |
| Plaintiff(s), | ) No. C 08-0756 CRB (PR) |
| vs. | ) ORDER OF DISMISSAL WITH |
| COUNTY OF BUTTE, et al., | ) LEAVE TO AMEND |
| Defendant(s). | ) |

Plaintiff, a prisoner at San Quentin State Prison, has filed a pro se First Amended Complaint ("FAC") for damages under 42 U.S.C. § 1983 alleging improper care by Butte County sheriff's department and Napa State Hospital. He also names as defendants the County of Butte and Butte County superior court.

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.   Legal Claims

Plaintiff alleges that "Defendants of Butte County Sheriff's Department and Napa State Hospital" failed to provide him with "adequately nutritious meals," forcibly medicated him in violation of court orders and gave him additional medications which "acted adversely and in opposition to medications he was taking for Hepatitis C." Plaintiff also alleges that Butte County superior court improperly issued orders relating to the conditions of his confinement.

As an initial matter, Butte County superior court is dismissed because it is well-established that the Eleventh Amendment bars suit against state superior court and its employees. See Simmons v. Sacramento County Superior Court, 318 F.3d 1156,1161 (9th Cir. 2003); see also Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 & n.10 (9th Cir. 1987) (11th Amendment bars suit against superior court of State of California regardless of relief sought). And to whatever extent plaintiff alleges violations of his constitutional rights in Butte County, the allegations are dismissed without prejudice to bringing them in the Eastern District of California, where Butte County lies. See 28 U.S.C. § 84(b). The instant action will be limited to allegations of violations of constitutional rights in Napa County, which lies in this judicial district. See id. § 84(a).

Plaintiff alleges that "Defendants . . . of Napa State Hospital" violated his constitutional rights by failing to provide him with nutritious meals, forcibly medicating him and giving him inappropriate medications. But he fails to set

forth specific facts showing how each defendant actually and proximately caused the deprivation of a federally protected right, e.g., plaintiff mentions Dr. Geisler and other medical staff at Napa State Hospital in the body of his complaint, but does not allege how any of them actually and proximately caused the deprivation of the federally protected rights of which he complains.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  Nor is it clear whether Dr. Geisler and the other mentioned staff members are defendants in this action because plaintiff did not include them in the caption or in the list of defendants section of his complaint.  See Barsten v. Dep't of the Interior, 896 F.2d 422, 423-24 (9th Cir. 1990) (plaintiff should be given leave to amend to name intended defendants).

## CONCLUSION

For the foregoing reasons, the FAC is dismissed with leave to amend, as indicated above, within 30 days of this order.  The pleading must be simple and concise and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page.  Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings.  Claims and defendants not included in the amended complaint will not be considered by the court.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

SO ORDERED.

DATED:  Nov. 25, 2008

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.08\Odell, M1.dwlta2.wpd

3