IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARC EVAN O'DELL,

Plaintiff(s),

v.

JEFFREY ZWERIN, et al.,

Defendant(s).

No. C 08-0756 CRB (PR)

ORDER OF SERVICE

Plaintiff, a state prisoner currently on parole, has filed a pro se Fourth Amended Complaint for damages under 42 U.S.C. § 1983 alleging improper medical care and other deprivations while he was at Napa State Hospital (NSH).

**DISCUSSION**

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B. Legal Claims

In November 2002, plaintiff was charged in Butte County Superior Court with various counts related to his assault of a former cohabitant and her daughter. At defense counsel's request, the trial court suspended proceedings under California Penal Code section 1368 and appointed an expert to evaluate plaintiff's competency to stand trial. After finding plaintiff was not competent, the court ordered him placed in Atascadero State Hospital (ASH) until his competency was restored. Plaintiff was transferred to NSH in October 2003.

In October 2004, after receiving a certificate of mental competency from NSH, the trial court found plaintiff competent to stand trial and reinstated proceedings. A jury convicted plaintiff of corporal injury to a former cohabitant, assault by means likely to produce great bodily injury on her daughter and making criminal threats. He was sentenced to state prison.

In the instant complaint for damages under § 1983, plaintiff alleges that, while he was at NSH from October 2003 to October 2004, hospital officials were deliberately indifferent to his serious medical needs. Plaintiff specifically alleges that hospital officials improperly administering court-ordered anti-psychotic medications in combination with his Hepatitis C medications, which caused him serious medical and mental injury and prevented him from properly defending himself in his criminal proceedings. Plaintiff further alleges that hospital officials denied him a doctor-ordered Hepatitis C diet and five times failed to

give him his breakfast and lunch meals. Plaintiff also alleges that prison officials denied him access to the law library and failed to respond to his administrative grievances.

Liberally construed, plaintiff's allegations that defendants' deliberate indifference to his serious medical needs (including denial of a Hepatitis C diet) caused him medical and mental injury state a cognizable claim under § 1983 against the corresponding named defendants and will be served. See Estelle v. Gamble, 429 U.S. 97, 104 (1976) (deliberate indifference to serious medical needs violates the 8th Amendment's proscription against cruel and unusual punishment).[1] But his allegations that defendants' deliberate indifference also prevented him from properly defending himself in his criminal proceedings must be dismissed without prejudice under the rationale of Heck v. Humphrey, 512 U.S. 477 (1994), because a judgment in favor of the plaintiff would imply the invalidity of a state conviction which has not already been invalidated. See Edwards v. Balisok, 520 U.S. 641, 649 (1997); Heck, 512 U.S. at 87.

Plaintiff's allegation that defendants failed to give him his breakfast and lunch meals five times in the more than one year he was at NSH, although regrettable, does not amount to more than a de minimis injury not cognizable under § 1983 and will be dismissed. See Wright v. Rushen, 642 F.2d 1129, 1132 (9th Cir. 1981) (federal courts instead should avoid enmeshing themselves in the minutiae of prison operations). So will plaintiff's allegations that defendants failed to respond to his administrative remedies. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no constitutional right to prison administrative

---

[1]Even though pretrial detainees' claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims. See Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of care for pretrial detainees).

appeal or grievance system). But liberally construed, plaintiff's allegations that he was denied access to the law library or other means of accessing the courts during the more than one year he was at NSH state an arguably cognizable claim for denial of access to the courts and will be served on the corresponding defendants. See Lewis v. Casey, 518 U.S. 343, 350 (1996). But cf. United States v. Wilson, 690 F.2d 1267, 1272 (9th Cir. 1982) (offer of court-appointed counsel satisfies government's obligation to provide meaningful access to the courts to a criminal defendant).[2]

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the Fourth Amended Complaint in this matter, all attachments thereto, and copies of this order on the named defendants. The clerk also shall serve a copy of this order on plaintiff.

2. In order to expedite the resolution of this case, the court orders as follows:

a. No later than 90 days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall

---

[2]In order to proceed against the unnamed defendants plaintiff includes in his complaint (i.e., NSH main librarian and K-7 kitchen dietician), plaintiff must first identify them and amend his complaint to name them as defendants and set forth specific facts as to how each of them violated his federal rights. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (plaintiff should be given opportunity to identify unknown defendants). Plaintiff will be afforded 30 days from the date of this order to identify the unknown defendants and amend his complaint to add them.

include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

b. Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

Plaintiff is also advised that a motion to dismiss for failure to exhaust

administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

d. Defendants shall file a reply brief within 15 days of the date on which plaintiff serves them with the opposition.

e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

3. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

4. All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

DATED: Oct. 21, 2009

CHARLES R. BREYER
United States District Judge